## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **S.M.**

**No. 24-697** (Morgan County CC-33-2024-JA-1)

## MEMORANDUM DECISION

Petitioner Father J.M.[1] appeals the Circuit Court of Morgan County's October 28, 2024, order terminating his parental rights to S.M, arguing that the court erred in terminating his parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's October 28, 2024, dispositional order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

The DHS filed a petition in January 2024 alleging that the mother had a history of drug use, was homeless, and had a history of Child Protective Services ("CPS") removals. Additionally, the DHS alleged that the petitioner was the biological father of S.M. and that he was incarcerated in Georgia. Later, the DHS filed an amended petition alleging that the petitioner had abandoned the child and that his incarceration prevented him from providing the child with necessary food, clothing, shelter, supervision, medical care, or education.

The circuit court held the adjudicatory hearing and the dispositional hearing concurrently over two days in September and October 2024.[3] The petitioner testified that he had been incarcerated since the child's birth and had not provided the child with support, food, shelter, or

---

[1] The petitioner appears by counsel Jeremy B. Cooper. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Katica Ribel. Counsel Melisha Souders appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] Rule 32(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings permits an accelerated dispositional hearing (a dispositional hearing immediately following an adjudicatory hearing) if three requirements are met—1) that all parties agree, 2) a case plan was provided or the parties waived the requirement that a case plan be filed, and 3) notice was provided or waived. Although it is unclear from the record whether these requirements were met below, the petitioner raises no challenge to the accelerated dispositional hearing and, therefore, has waived the issue. *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 ("[I]ssues which are not raised . . . are not considered on appeal.").

1

necessities because of his incarceration. Further, he testified that he recently finished his sentence in Georgia for possession with intent to distribute methamphetamine and that he had pending proceedings in Virginia for probation violations along with a new criminal charge for writing a "bad check."[4] The petitioner was unaware of the length of time that he would be incarcerated in Virginia. However, he testified that he was on probation for four separate criminal charges including burglary and "other drug charges." When asked about his previous felony convictions, the petitioner was unable to recall the total number of convictions but admitted that his criminal history was extensive and that he had spent around eight years of his life incarcerated. During cross-examination, the DHS read the petitioner's National Crime Information Center history into evidence. The court later found that some of the petitioner's prior felony convictions included breaking and entering, possession with intent to deliver controlled substances, and abduction by force, intimidation, or deception. The petitioner also testified that almost twenty years prior, his first child was also removed from his custody, in part, due to his incarceration. A CPS worker testified that, because the petitioner was incarcerated for the entirety of S.M.'s life, there was no bond between the child and the petitioner. Ultimately, the CPS worker testified that the DHS recommended termination of the petitioner's parental rights. The child's foster mother testified that S.M. had lived with the foster parents since she was one month old, that they were also the foster parents of S.M.'s half-siblings, and that they intended to adopt S.M. if the petitioner's parental rights were terminated.

In adjudicating the petitioner and terminating his parental rights, the court highlighted the petitioner's extensive criminal history that spanned nearly two decades. The court was particularly concerned that the petitioner's first child was removed from his custody due to his incarceration, and, twenty years later, he was in the same situation with S.M. Therefore, the court found that the petitioner's absence from the child's life because of his incarceration resulted in his inability to provide the child with the necessary food, clothing, shelter, medical care, education, or supervision. The circuit court further found that the petitioner would be unlikely to participate or respond to services as he had an extensive history of probation violations and that he had not changed his behavior in nearly twenty years. Additionally, the court found that the petitioner was facing multiple probation violations and a new criminal charge in Virginia and that the length of the petitioner's incarceration was "indefinite" because he was unaware of the length of his incarceration and had no release date or final disposition for his charges. At the conclusion of dispositional hearing, the court found that there was no reasonable likelihood that the petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Further, the court found that there was no less restrictive dispositional alternative than termination of the petitioner's parental rights. Therefore, the court terminated the petitioner's parental rights to S.M.[5] It is from this order that the petitioner appeals.

---

[4] By the final hearing, the petitioner had discharged his sentence in Georgia and had been extradited to Virginia.

[5] The mother's parental rights were also terminated. The permanency plan for the child is adoption in the current foster home.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the court erred in terminating his parental rights rather than ordering a less severe dispositional alternative. This Court has explained that

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. **This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration [collectively, the "*Cecil T.* factors"]** in light of the abused or neglected child's best interests and paramount need for permanency, security, stability, and continuity.

*Id.* at 91, 717 S.E.2d at 875, Syl. Pt. 3 (emphasis added). Further, we have held that, when applying the *Cecil T.* factors, the court's order must include discussion of the potential length, nature, and terms of a parent's incarceration and cannot primarily rely on the indefinite nature of that incarceration. *See In re A.F.*, 246 W. Va. 49, 55, 866 S.E.2d 114, 120 (2021) (holding that the circuit court erred in entering a dispositional order applying the *Cecil T.* factors when it failed to include any discussion of the potential length of the petitioner's incarceration while awaiting trial and instead primarily focused on the uncertain duration of the petitioner's incarceration).[6] Here, the allegations of abuse and neglect were based entirely on the petitioner's incarceration. At disposition, the petitioner was incarcerated in Virginia for an unknown number of probation violations and a new criminal charge for writing a bad check. Disregarding the new criminal charge, the record demonstrates that the parties failed to introduce evidence establishing any of the *Cecil T.* factors related to the petitioner's incarceration at the time of disposition (other than the petitioner's reference to them as burglary and "other drug charges"), including the nature of the offenses, the terms of confinement, or the length of the underlying sentences for which the petitioner was serving probation. As a result, the court's analysis of the *Cecil T.* factors contains no substantive discussion of these considerations and instead, erroneously relies on the indefinite duration of the petitioner's incarceration. Accordingly, we conclude that the deficiencies in the dispositional order necessitate that the order be vacated and the case remanded for adequate fact-finding and analysis by the circuit court. *See In re Emily G.*, 224 W. Va. 390, 396, 686 S.E.2d 41, 47 (2009) ("When the requisite procedure is not followed in an abuse and neglect case[ ] . . . the order resulting from such deviation will be vacated and the case will be remanded for entry of an order that satisfies the procedural requirements[.]").

For the foregoing reasons, we vacate the circuit court's October 28, 2024, dispositional order terminating the petitioner's parental rights, and we remand this matter to the circuit court for

---

[6] In *In re A.F.*, this Court undertook its own analysis based upon the parties' updates and affirmed the termination of the petitioner's parental rights. *Id.* at 56, 866 S.E.2d at 121.

further proceedings consistent with the applicable rules and statutes. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: March 10, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing

**DISSENTING:**

Justice William R. Wooton
Justice Gerald M. Titus III

Titus, Justice, dissenting, joined by Wooton, Justice:

The circuit court adjudicated the petitioner father for abandoning S.M. after finding that his absence from the child's life due to his "substance abuse and criminal conduct which resulted in his extended incarceration," constituted neglect.[1] At disposition, the circuit court properly found that there was no reasonable likelihood that the petitioner would be likely to change those conditions in the near future and that termination was in the child's best interests. The circuit court noted the petitioner's failure to acknowledge the neglect his conduct created and the fact that the child had been in the Department's custody for her whole life.

In his sole assignment of error, the petitioner argues that the circuit court erred by failing to impose a less restrictive dispositional alternative, disposition five, citing his attempts to participate in the proceedings by making telephone calls from jail to a Child Protective Services

---

[1] The abandonment of a child is defined as "any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child[.]" W. Va. Code § 49-1-201. A "neglected child" is defined, in pertinent part, as a child,

> [w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian, or custodian to supply the child with necessary food, clothing, shelter, supervision, medical care, or education, when that refusal, failure, or inability is not due primarily to a lack of financial means on the part of the parent, guardian, or custodian[.]

*Id.*

4

worker. However, the circuit court correctly found that disposition six was appropriate because the petitioner could not substantially correct the conditions of neglect in the near future and that termination was necessary for the child's welfare so that she could attain permanency through adoption. W. Va. Code § 49-4-604(c)(6).

The majority vacates the circuit court's dispositional order and remands the case for further proceedings by concluding that it failed to consider the factors outlined in *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011), an argument not advanced by the petitioner. The majority transgresses the party-presentation principle by granting relief on an issue that the petitioner never asserted and that the Department of Human Services never had a chance to address. "In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008).

Moreover, the circuit court properly considered the factors set forth in syllabus point three of *Cecil T.*[2] along with the definition of "neglected child" in West Virginia Code § 49-1-201. The circuit court (1) highlighted the petitioner's extensive criminal history that spanned twenty years, noting that he was incarcerated for a drug-related felony and remained incarcerated during the entirety of the proceedings; (2) expressed concern that the petitioner's first child was removed from his custody due to his incarceration, and, twenty years later, he was in the same situation with the current child; (3) found that the petitioner's incarceration resulted in his inability to provide the child with the necessary food, clothing, shelter, medical care, education, or supervision; (4) found that the petitioner had an extensive history of probationary violations and that he had not changed his behavior; (5) determined that the petitioner was facing multiple probation violations and a new criminal charge in Virginia; and (6) stated that the length of the petitioner's incarceration was "indefinite" because he had no release date or final disposition for his charges. So, the circuit court properly considered the relevant factors at disposition. *See In re B.P.*, 249 W. Va. 274, 281, 895 S.E.2d 129, 136 (2023).

For these reasons, I respectfully dissent. Justice Wooton agrees that the circuit court's order should have been affirmed because it conducted a sufficient analysis of the *Cecil T.* factors. Therefore, I am authorized to state that Justice Wooton joins this dissent.

---

[2] *See* Syl. Pt. 3, *Cecil T.*, 228 W. Va. 89, 717 S.E.2d. 873 (2011) ("When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.").